# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> **Prommis Holdings, LLC,** *et al.,* <br><br> Debtors. | Chapter 11 <br><br> Case No. 13-10551 (BLS) <br><br> (Jointly Administered) |
| **Donald L. Crawford, Sr., d/b/a Drachma Enterprises,** <br><br> Plaintiff, <br> v. <br> **Prommis Holdings, LLC,** *et al.,* <br> Defendants. | Adv. No. 13-52222 <br><br> Related to Adv. Docket Nos. 3, 8, & 9 |

## AMENDED[1] MEMORANDUM ORDER[2]

Upon consideration of the Motion for Remand (the "Motion") [Adv. Docket No. 3] filed by Defendant THR California, LP ("THR California") and accompanying declaration in support [Adv. Docket No. 4]; the response to the Motion [Adv. Docket No. 8] filed by Plaintiff Donald L. Crawford, Sr., d/b/a Drachma Enterprises; and the reply thereto [Adv. Docket No. 9]; and after due deliberation, the Court hereby FINDS as follows:

---

[1] The Amended Memorandum Order corrects the inadvertent misspelling of the Debtors/Defendants in the caption.

[2] This Memorandum Order constitutes the Court's findings of fact and conclusions of law, as required by the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 7052, 9014(c).

1. This matter arises out of a series of transactions and lawsuits regarding the ownership of and exercise of foreclosure rights on a parcel of real property located at 2953 Stanton Street, Pomona, CA (the "Property"). This memorandum order references only the limited factual and procedural history that is directly relevant to the instant motion.

2. On August 6, 2007, James A. and Sharon W. Wilson took out a loan from IndyMac Bank, FSB. The loan was secured by a deed of trust on the Property.

3. On September 1, 2010, the Wilsons defaulted on the loan.

4. At some point, EC Closing Corp. (f/k/a Cal-Western Reconveyance Corp.) ("Cal-Western") was substituted as trustee under the deed of trust to commence non-judicial foreclosure. Cal-Western recorded a notice of default and election to sell under the deed of trust on or around January 31, 2011.

5. On May 21, 2011, the Wilsons executed a grant deed conveying the property to Mr. Crawford d/b/a Drachma Enterprises.

6. On August 20, 2012, a trustee's sale was conducted. As a result of the sale, Cal-Western granted THR California a trustee's deed upon sale.

7. On February 26, 2013, THR California filed an unlawful detainer action, *THR California, LP v. James Wilson et al.*, No. 13U00274 (the "Unlawful Detainer Action") in California State Superior Court, County of Los Angeles (the "LA Superior Court") in connection with the Property.

8. On March 21, 2013, Mr. Crawford filed a prejudgment claim of a right to possession of the Property in the Unlawful Detainer Action.

9. On May 28, 2013, THR California and the Wilsons entered into an agreement which resolved the Unlawful Detainer Action as to the Wilsons. On June 25, 2013, Mr. Crawford filed an answer in the Unlawful Detainer Action.

10. On September 10, 2013, Mr. Crawford filed a notice of removal in this Court, Adv. No. 13-52222, removing the Unlawful Detainer Action from the LA Superior Court to this Court.

11. On October 21, 2013, THR California filed the Motion, seeking to have the case remanded back to the LA Superior Court. THR California argues that the case should be remanded because this Court lacks subject matter jurisdiction. Mr. Crawford objects.

## Analysis

12. A state court action is removable to federal court only if the federal court has jurisdiction over such claim. *See* 28 U.S.C. § 1452(a). If at any time prior to final judgment it is determined that the federal court lacks subject matter jurisdiction, the case must be remanded back to state court. *See* 28 U.S.C. § 1447(c).

13. "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d. Cir. 1987) (internal citation omitted)). The defendant bears the burden of proving that removal was proper. *Boyer*, 913 F.2d at 111.

14. Bankruptcy courts have subject matter jurisdiction over civil proceedings arising under title 11 of the United States Code, and arising in or related to cases under title 11, through the operation of 28 U.S.C. §§ 1334 and 157.

15. Where a claim or cause of action is filed prior to confirmation of a plan, "[t]he usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (overruled on other grounds); *see also In re MPC Computers, LLC*, 465 B.R. 384, 392 (Bankr. D. Del. 2012).

16. Here the Unlawful Detainer Action clearly does not arise under or in the Debtors' jointly administered bankruptcy cases. The question is whether it could have any conceivable effect on the estates being administered.

17. Debtor Cal-Western served as the trustee overseeing the foreclosure sale process. It does not have an interest in the property at

issue. The Unlawful Detainer Action is a dispute over possession of the Property.

18. The resolution of that dispute will not affect Cal-Western's estate, and therefore this Court lacks subject matter jurisdiction to hear the Unlawful Detainer Action.

19. At argument, Mr. Crawford requested that if this Court were to remand the case, that it would stay the effectiveness of this order to give him time to prepare to litigate in California. The Court respectfully declines that request and leaves Mr. Crawford to his rights and remedies before the California tribunal.

Accordingly, it is hereby

**ORDERED**, that THR California's Motion is **GRANTED**, and this case is remanded back to the LA Superior Court.

BY THE COURT:

Dated: December 10, 2013
Wilmington, Delaware

_____
Brendan Linehan Shannon
United States Bankruptcy Judge